1  Timothy B. Yoo - State Bar No. 254332
       tyoo@birdmarella.com
2  Heejin H. Hwang - State Bar No. 349455
       hhwang@birdmarella.com
3  BIRD, MARELLA, RHOW,
   LINCENBERG, DROOKS & NESSIM, LLP
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
7  Attorneys for Applicants HYBE Co. Ltd.,
   Seungcheol Choi, Mingyu Kim, Jihoon Lee,
   Soonyoung Kwon, Jeonghan Yoon, Joshua Jisoo
8  Hong, Junhui Wen, Wonwoo Jeon, Seokmin Lee,
   Minghao Xu, Hansol Choi, Chan Lee, and
9  Seungkwan Boo

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In Re *Ex Parte* Application of HYBE Co., Ltd., Seungcheol Choi, Mingyu Kim, Jihoon Lee, Soonyoung Kwon, Jeonghan Yoon, Joshua Jisoo Hong, Junhui Wen, Wonwoo Jeon, Seokmin Lee, Minghao Xu, Hansol Choi, Chan Lee, and Seungkwan Boo,<br><br>Applicants. | CASE NO. 5:25-mc-80176<br><br>***EX PARTE* APPLICATION FOR ORDER AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 FILED BY HYBE CO., LTD., SEUNGCHEOL CHOI, MINGYU KIM, JIHOON LEE, SOONYOUNG KWON, JEONGHAN YOON, JOSHUA JISOO HONG, JUNHUI WEN, WONWOO JEON, SEOKMIN LEE, MINGHAO XU, HANSOL CHOI, CHAN LEE, AND SEUNGKWAN BOO; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Filed Concurrently with:<br><br>(1) Declaration of Wook Ki Lee;<br>(2) Declaration of Jin-Wook Kim;<br>(3) Proposed Subpoenas; and<br>(4) [Proposed] Order |

## *EX PARTE* APPLICATION

Applicants HYBE Co., Ltd. ("HYBE"), together with Seungcheol Choi, Mingyu Kim, Jihoon Lee, Soonyoung Kwon, Jeonghan Yoon, Joshua Jisoo Hong, Junhui Wen, Wonwoo Jeon, Seokmin Lee, Minghao Xu, Hansol Choi, Chan Lee, and Seungkwan Boo (collectively, "SEVENTEEN" and together with HYBE, "Applicants"), apply *ex parte* for an order authorizing limited discovery for use in civil litigation in the Republic of Korea ("South Korea") pursuant to 28 U.S.C. § 1782 ("Application"). Applicants request that the Court authorize the issuance of the proposed subpoenas appended as Exhibit A ("Subpoenas") to this Application. The Subpoenas seek limited discovery from X Corp. ("X") and Google LLC ("Google") that is necessary to identify the owner(s)/user(s) of the X account, @hitmanbangispig, and Gmail account, hitmanbangispig@gmail.com—a defendant in a civil lawsuit that was filed in South Korea by the members of SEVENTEEN.

This Application is supported by the accompanying Memorandum of Points and Authorities, declarations of Wook Ki Lee and Jin-Wook Kim and all exhibits thereto, the Subpoenas, the Proposed Order, and all matters upon which judicial notice may be taken. This Application does not require notice to X or Google, pursuant to L.R. 7-10 of the Civil Local Rules of the United States District Court for the Northern District of California.

DATED: July 2, 2025

Timothy B. Yoo
Heejin H. Hwang
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP

By: _____/s/ Timothy B. Yoo_____
        Timothy B. Yoo
Attorneys for Applicants HYBE Co., Ltd., Seungcheol Choi, Mingyu Kim, Jihoon Lee, Soonyoung Kwon, Jeonghan Yoon, Joshua Jisoo Hong, Junhui Wen, Wonwoo Jeon, Seokmin Lee, Minghao Xu, Hansol Choi, Chan Lee, and Seungkwan Boo

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **INTRODUCTION**

HYBE Co., Ltd. ("HYBE"), together with Seungcheol Choi, Mingyu Kim, Jihoon Lee, Soonyoung Kwon, Jeonghan Yoon, Joshua Jisoo Hong, Junhui Wen, Wonwoo Jeon, Seokmin Lee, Minghao Xu, Hansol Choi, Chan Lee, and Seungkwan Boo (collectively, "SEVENTEEN" and together with HYBE, "Applicants"), request the Court's assistance to identify an anonymous cyberbully, whom the members of the Korean pop ("K-pop") group SEVENTEEN have sued in South Korea. Throughout 2024, an unknown individual or individuals operating under the username "@hitmanbangispig" on the social media platform X (the "Account") used the Account to post harassing, threatening, and defamatory statements about the members of SEVENTEEN, while hiding behind their anonymity. These statements have harmed not only the members of SEVENTEEN, but HYBE, as the parent company of SEVENTEEN's management company.

On May 22, 2025, the thirteen members of SEVENTEEN initiated a civil lawsuit against the user of the Account in the Seoul Central District Court in South Korea (the "Korean Lawsuit"); however, they do not know who the user is. Applicants have exhausted their discovery options in Korea, including by seeking information from a different Korean online platform about an account that Applicants believe is also held by the user of the Account. Through this process, Applicants have learned the user's potential Gmail address (hitmanbangispig@gmail.com), but no other personal identifying information. Applicants cannot request account information from X or Google in South Korea, as X and Google reside outside of the jurisdiction of the South Korean courts. Applicants thus file this Application for an order pursuant to 28 U.S.C. § 1782(a) before this Court, which has jurisdiction over X ("Application"). Applicants seek the Court's authorization to serve subpoenas on X and Google for limited discovery that would enable them to identify the user(s) of the @hitmanbangispig X account and the hitmanbangispig@gmail.com Gmail account, respectively ("Subpoenas").

The Court can grant the Application because Applicants have satisfied the three statutory requirements of Section 1782(a): (1) X maintains two offices within this district and Google's principal office is located in this district, such that both X and Google are found in this district; (2)

information obtained through Applicants' Subpoenas will be used to identify the defendant(s) for SEVENTEEN's lawsuit in South Korea; and (3) Applicants are interested persons because the members of SEVENTEEN are plaintiffs in the Korean Lawsuit and HYBE is the parent company of the management company for SEVENTEEN.

Furthermore, the Court should exercise its discretion to authorize the Subpoenas because all four discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), support its issuance. Neither X nor Google is a participant in the Korean Lawsuit; the Seoul Central District Court will likely receive evidence obtained through the Subpoenas; Applicants do not seek to circumvent foreign proof-gathering restrictions or the policies of the United States; and the Subpoenas are narrowly tailored to identify the defendant(s), which is not unduly intrusive or burdensome.

Therefore, Applicants respectfully request that the Court grant the Application and issue an order that authorizes Applicants to serve the appended Subpoenas on X and Google.

## II.    RELEVANT BACKGROUND

### A.    The Applicants

HYBE is an entertainment company based in South Korea. (Declaration of Wook Ki Lee ("Lee Declaration"), ¶ 2). Among other things, HYBE manages and trains singers and musicians performing in the globally popular K-pop genre. (*Id.* at ¶ 3). HYBE is the majority shareholder of Pledis Entertainment, which manages SEVENTEEN, an all-male, thirteen-member group. (*Id.* at ¶ 4). Consumers of HYBE's entertainment typically learn about HYBE and its talent rosters through online searches. (*Id.* at ¶ 5). Statements made on social media platforms, such as X, or elsewhere on the internet can thus dramatically affect HYBE's business and reputation. (*Id.*).

Seungcheol Choi, Mingyu Kim, Jihoon Lee, Soonyoung Kwon, Jeonghan Yoon, Joshua Jisoo Hong, Junhui Wen, Wonwoo Jeon, Seokmin Lee, Minghao Xu, Hansol Choi, Chan Lee, and Seungkwan Boo are the thirteen members of SEVENTEEN. (*Id.* at ¶ 4).

### B.    The Subpoenaed Entities

X is a Nevada corporation headquartered in Bastrop, Texas. (Declaration of Jin-Wook Kim ("Kim Declaration"), ¶ 5). Upon information and belief, X maintains offices in San Jose and

Palo Alto, California. (*Id.* at ¶ 8). Google is a Delaware corporation with its principal office in Mountain View, California. (*Id.* at ¶¶ 7, 9). X and Google fall outside the jurisdiction of the courts of South Korea. (*Id.* at ¶¶ 5, 7).

### C. The Korean Lawsuit

On May 22, 2025, the members of SEVENTEEN filed a civil lawsuit for defamation and harassment in the Seoul Central District Court in South Korea against the anonymous user of an X account under the username @hitmanbangispig (the "Account"). (Kim Decl., ¶ 3; *id.*, Ex. 1). From March 2024 to December 29, 2024, the user of the Account published defamatory and harassing statements about all thirteen members of SEVENTEEN on X. (Lee Decl., ¶¶ 7–9). Among other things, statements posted to the Account falsely accused the members of SEVENTEEN of misogyny and other improper relationships or conduct, and used profane and derogatory terms to describe the members. (*Id.*; Kim Decl., Ex. 1). These statements have harmed the members of SEVENTEEN and HYBE. (Lee Decl., ¶¶ 5, 10). The members of SEVENTEEN seek to hold those responsible accountable and to recover damages through the Korean Lawsuit. (*Id.* at ¶ 10).

### D. Applicants' Proposed Subpoenas and the Instant Application

Through this Application, Applicants request that the Court authorize it to conduct limited discovery by serving the Subpoenas on X and Google. The Subpoenas seek information that will allow Applicants to ascertain the true identity of the owner and user of the Account. Specifically, the Subpoenas requests two categories of documents: (1) documents sufficient to identify the account identifier(s), creation date(s), access logs, name(s), date(s) of birth, email address(es), and other contact information of "the person(s) who created, used, and/or otherwise logged into" the X Account and the hitmanbangispig@gmail.com Gmail account; and (2) documents sufficient to identify the name(s), date(s) of birth, email address(es), and other contact information of "the person(s) associated with credit card(s), bank account(s), and/or other electronic commerce details registered with" the X Account and the hitmanbangispig@gmail.com Gmail account. The latter request specifically states that it "does not seek the actual credit card numbers, bank account numbers, or the electronic commerce account numbers or passwords" and "does not seek any

financial transaction information." (*See* Subpoenas, Appl., Ex. A).  Because such information will allow Applicants to identify the defendant(s) for the Korean Lawsuit, the Court should permit the requested discovery.

### III. LEGAL STANDARD

Section 1782(a) authorizes a district court to order a person "resid[ing] or "found" in that district to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, . . . . upon the application of any interested person." 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004).  There are three statutory requirements:  "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

Once an applicant satisfies these three requirements, a district court has "substantial discretion" to permit the requested discovery. *Id.* at 926.  A court can exercise its discretion to grant an application under Section 1782(a) after weighing four factors set forth by the U.S. Supreme Court in *Intel Corp.*: "(1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance'; (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'" *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1019 (N.D. Cal. 2023).

As discussed below, this Application satisfies the three statutory requirements of Section 1782(a).  Further, because all four *Intel Corp.* factors weigh in favor of permitting the discovery requested in the Subpoenas, the Court should grant the Application.

///

///

## IV.   THE COURT SHOULD GRANT THE APPLICATION

### A.   *Ex Parte* Relief Is Appropriate for Applications Under Section 1782.

As a preliminary matter, this Application is the proper subject of *ex parte* relief.  "It is common for parties to file *ex parte* applications [for an order pursuant to Section 1782], as 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or participate in it.'"  *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)).  Courts thus routinely grant Section 1782(a) applications on an *ex parte* basis.  *Id.* at 922, 924.  If X or Google believes that Applicants' discovery requests are objectionable after service of the Subpoenas, they will have the opportunity to address those issues, including before this Court if necessary.

### B.   Applicants Have Met the Three Statutory Requirements of Section 1782.

First, X and Google are found in the Northern District of California.  Upon information and belief, X maintains offices in San Jose and Palo Alto, California.  (Kim Decl., ¶ 8).  These in-district offices are sufficient to satisfy the first statutory requirement of Section 1782(a).  *See Super Vitaminas, S. A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that Microsoft was "found" in the Northern District of California based on its operation of two corporate sales offices in Mountain View and San Francisco).  Google also meets the residency requirement, as its principal office is located in the district in Mountain View, California.  (Kim Decl., ¶ 9).  *See United States*, 690 F. Supp. 3d at 1-17 (finding that Google "resides or is found" in the Northern District of California).

Second, the requested discovery will be used in a proceeding before a foreign tribunal.  SEVENTEEN filed a civil Korean Lawsuit in South Korea against anonymous individual(s), entity, or entities behind the Account.  (Lee Decl., ¶¶ 9–13; Kim Decl., ¶¶ 3–7, 10).  Applicants will use the requested discovery to identify the user of the Account, which will, in turn, allow the members of SEVENTEEN to name the user as a defendant in their complaint.  (Kim Decl., ¶¶ 5–7).  Thus, Applicants have satisfied the second statutory requirement.  *See In re Bleach, Inc.*, No. 24-mc-80021-PCP, 2024 WL 1898450, at *1–2 (N.D. Cal. Apr. 30, 2024) (permitting subpoena

on X for personally identifiable information of an anonymous X user, which the applicant intended to use to file a lawsuit against that user in Japan).

Third, Applicants are interested persons. The members of SEVENTEEN are plaintiffs in the Korean Lawsuit and are interested persons. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]'…."). An "interested person" further includes "'any other person whether he be designated by foreign law or international convention or merely possesses a reasonable interest in obtaining judicial assistance.'" *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (quoting *Intel Corp.*, 542 U.S. at 256–57). HYBE is the majority shareholder for the management company of SEVENTEEN, whose members are the plaintiffs in the Korean Lawsuit. (Lee Decl., ¶ 4). The false statements by the user of the Account have not only harmed the members of SEVENTEEN but also harmed HYBE's business and reputation, and HYBE will benefit if the user(s) is held accountable in South Korea. (*Id.* at ¶¶ 5, 10). As such, HYBE also holds a reasonable interest in obtaining this Court's assistance to obtain the discovery requested in the Subpoena.

Because Applicants have satisfied the three statutory requirements of Section 1782(a), the Court has the authority to grant the relief sought by the Application.

C.  **All Four *Intel Corp.* Factors Support an Order Authorizing the Requested Discovery from X Corp.**

The Court should exercise its discretion to grant the Application because all four factors set forth in *Intel Corp.* further support permitting the requested discovery.

The first factor supports granting the Application, as neither X nor Google is a "participant in the foreign proceeding." *Intel Corp.*, 542 U.S. at 247. Indeed, both X and Google lie outside the jurisdiction of South Korean courts, so the Seoul Central District Court cannot order either entity to produce the discovery requested in the Subpoenas. (Kim Decl., ¶¶ 5, 7). Accordingly, "the need for § 1782(a) aid" is "apparent." *United States*, 690 F. Supp. 3d at 1019.

The second factor also supports granting the Application because the Seoul Central District Court is likely to consider the information requested by the Subpoenas. The crux of this factor is

"whether the foreign tribunal is willing to consider the information sought." *Id.* at 1020. "[T]his factor weighs in favor of discovery <u>unless the foreign tribunal in question has expressly made it clear that it would not accept the evidence.</u>" *Id.* (emphasis added). Here, the Seoul Central District Court has not declared that it would reject evidence obtained through a subpoena in the United States. (Kim Decl., ¶ 12). Courts in this district have recognized that South Korean courts have not issued a directive against the use of evidence obtained under Section 1782. *See In re Starship Entm't*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May 24, 2023). Given the absence of "authoritative proof" that the Seoul Central District Court would reject the discovery requested here, this factor weighs in favor of the Subpoenas. *In re Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016).

The third factor likewise supports granting the Application because Applicants do not seek to "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. "[A]bsence of evidence of attempted circumvention of the foreign tribunal's proof-gathering procedures weighs in favor of an application under § 1782." *United States*, 690 F. Supp. 3d at 1021. Here, the declarations of Jin-Wook Kim and Wook Ki Lee show that the Application is not an attempt to circumvent foreign or U.S. procedures or policies. Because X and Google are not subject to the jurisdiction of South Korean courts, Applicants must apply to this Court pursuant to Section 1782(a) for the requested information. (Kim Decl., ¶¶ 5–7; Lee Decl., ¶¶ 11–12). Applicants have also acted diligently to try to identify the user of the @hitmanbangispig X account through other means available in South Korea, including by seeking information from an entity based in Korea, but they have discovered only a potential email address for the user from those efforts. (Kim Decl., ¶ 6). Moreover, Applicants do not intend to use the information requested from X in any criminal proceedings. (*Id.* at ¶ 11). Therefore, the third *Intel Corp.* factor weighs in Applicants' favor.

Finally, the fourth factor supports granting the Application because the Subpoenas are not "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad 'fishing expedition' for irrelevant information." *United States*, 690 F. Supp.

3d at 1023. Here, Applicants request information about one X account and one Gmail account. The discovery is for a limited purpose: to ascertain the identity of the defendant(s) for the lawsuit that the members of SEVENTEEN filed in South Korea. (Kim Decl., ¶¶ 7, 10; Lee Decl., ¶ 13). The requests are narrowly tailored to this purpose—the Subpoenas do not seek the content of any communications associated with the accounts at issue, do not seek sensitive financial information, and only seek the last ten access logs. (*See* Subpoenas). They seek basic identifying and contact information of the user(s) of the X Account and hitmanbangispig@gmail.com Gmail account, which is not unduly intrusive or burdensome. *United States*, 690 F. Supp. 3d at 1023. As Applicants do not request unnecessary information, the final *Intel Corp.* factor weighs in favor of discovery. *See Starship Entm't*, 2023 WL 3668531, at *4 (finding that requests for "information that is necessary to identify the putative defendants" were "not unduly intrusive or burdensome"); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *5 (N.D. Cal. Aug. 10, 2021) (permitting subpoena that was "narrowly tailor[ed]" to identify users of two accounts).

In sum, all four factors weigh in favor of Applicants' request, and the Court should grant the Application.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant the Application and enter an order authorizing Applicants to serve the appended Subpoenas on X Corp. and Google.

DATED: July 2, 2025

Timothy B. Yoo
Heejin H. Hwang
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP


By:    */s/ Timothy B. Yoo*
           Timothy B. Yoo
Attorneys for Applicants HYBE Co., Ltd., Seungcheol Choi, Mingyu Kim, Jihoon Lee, Soonyoung Kwon, Jeonghan Yoon, Joshua Jisoo Hong, Junhui Wen, Wonwoo Jeon, Seokmin Lee, Minghao Xu, Hansol Choi, Chan Lee, and Seungkwan Boo