1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7 | IN RE EX PARTE APPLICATION OF
HYBE CO., LTD., SEUNGCHEOL CHOI,
MINGYU KIM, JIHOON LEE,
8 | SOONYOUNG KWON, JEONGHAN
YOON, JOSHUA JISOO HONG, JUNHUI
9 | WEN, WONWOO JEON, SEOKMIN LEE,
MINGHAO XU, HANSOL CHOI, CHAN
10 | LEE, AND SEUNGKWAN BOO,

11 | Plaintiffs.

Case No. 5:25-mc-80176

**ORDER GRANTING EX PARTE
APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782**

Re: ECF No. 2

12

13        Applicants Seungcheol Choi, Mingyu Kim, Jihoon Lee, Soonyoung Kwon, Jeonghan

14 Yoon, Joshua Jisoo Hong, Junhui Wen, Wonwoo Jeon, Seokmin Lee, Minghao Xu, Hansol Choi,

15 Chan Lee, and Seungkwan Boo (collectively, "SEVENTEEN") and HYBE Co., Ltd. ("HYBE")

16 (together with SEVENTEEN, "Applicants"), filed this *ex parte* application for an order pursuant

17 to 28 U.S.C. § 1782 for discovery from X Corp. ("X") and Google LLC ("Google"), for

18 Applicants' use in a foreign proceeding in the Republic of Korea ("South Korea"). Application,

19 ECF No. 1 ("Appl."). X and Google subsequently filed appearances in the case.[1] Having

20 considered Applicants' brief, supporting evidence, and the relevant legal authority, the

21 Court GRANTS the application for the reasons set forth below.

22 | **I.    BACKGROUND**

23        Applicant HYBE is an entertainment company based in South Korea. Appl. at 4. HYBE

24 is the majority shareholder of Pledis Entertainment, which manages SEVENTEEN. *Id*. Applicant

25 SEVENTEEN is an all-male, thirteen-member Korean pop ("K-pop") group. *Id*. at 3.

26

27 | [1] Google's counsel filed a notice of appearance on the record on July 16, 2025. ECF Nos. 8, 9.
X's counsel filed a notice of appearance on September 15, 2025. ECF No. 13. The Court
28 | therefore construes the application to no longer be an *ex parte* application.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    X is a Nevada corporation headquartered in Bastrop, Texas. *Id*. at 4. X owns and operates

2    the social networking service X.com and maintains offices in San Jose and Palo Alto, California.

3    *Id*. Google is incorporated in Delaware and has its principal office located in Mountain View,

4    California. *Id*. at 5. Google owns and operates gmail.com, a free email service.

5    In or around March 2024 to December 29, 2024, an anonymous user on X, using the

6    username @hitmanbangispig ("the Account"), published statements on X accusing the members

7    of SEVENTEEN of "misogyny and other improper relationships or conduct." *Id*. The anonymous

8    user used profane and derogatory terms to describe all members of SEVENTEEN. *Id*. Applicants

9    allege these statements were defamatory, constituted harassment, and harmed the members of

10    SEVENTEEN and HYBE. *Id*. On May 22, 2025, Applicant SEVENTEEN filed a civil lawsuit

11    for defamation and harassment in the Seoul Central District Court in South Korea against the

12    anonymous X user of the Account. *Id*.

13    Applicants seek authorization from this Court to conduct limited discovery by serving

14    subpoenas for specific information on X and Google. *Id*. at 3. Applicants want X and Google to

15    produce personal identifying information that can be used to identify the anonymous user of the

16    Account. *Id*. at 3. Applicants submit a copy of their proposed subpoenas under Attachment A to

17    the Application. *Id*., Ex. A at 7, 13. The proposed subpoenas contain two Requests for

18    Production:

19    **REQUEST FOR PRODUCTION NO. 1.** DOCUMENTS sufficient
to identify the account identifier(s) ("ID(s)"), the username(s) of the
20    account(s), the display name of the account(s)[2], the creation date(s)
of the account(s), name(s), date(s) of birth, email address(es), and
21    other contact information of the person(s) who created, used, and/or
otherwise logged in to the ACCOUNT, as well as at least the last ten
22    ACCESS LOGS of the ACCOUNT and the time zone(s) associated
with the timestamps in those ACCESS LOGS. (ii) ALL names,
23    telephone numbers and addresses (including billing and shipping
addresses, and postal codes) of ALL payment methods registered to
24    each of the ACCOUNTS, including but not limited to credit cards (but
not the credit card number, expiration date, or card validation code)
25    and bank accounts, and the name of the company or financial
institution associated with each such payment method.

26

27

28    [2] Applicants seek documents to identify "the display name of the accounts(s)" only from X. The
remainder of the requests to X and Google are identical.

1

2

3

4

**REQUEST FOR PRODUCTION NO. 2.** DOCUMENTS sufficient to identify the name(s), date(s) of birth, email address(es), and other contact information of the person(s) associated with credit card(s), bank account(s), and/or other electronic commerce details registered with the ACCOUNT. This request does not seek the actual credit card numbers, bank account numbers, or the electronic commerce account numbers or passwords, and it does not seek any financial transaction information.

5

*Id.*

6

Applicants contend that courts of South Korea are not unreceptive to assistance in

7

discovery by U.S. federal courts, and that they are not attempting to circumvent any foreign proof-

8

gathering restrictions or other policies of South Korea or the United States. *Id.* at 8-9.

9

On November 5, 2025, X filed a statement of non-opposition to the Application. ECF No.

10

17. X stated that it reserves all rights to respond to the contemplated subpoena, and "once served

11

with that subpoena, [X intends to] enter into a proposed Protective Order with Applicants that they

12

will jointly submit to the Court for its consideration." *Id.*

13

**II.    LEGAL STANDARD**

14

    **A.    Discovery Pursuant to 28 U.S.C. § 1782**

15

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to

16

provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v.*

17

*Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 provides in part:

18

19

20

21

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

22

28 U.S.C. § 1782(a).

23

The statute outlines a three-part test in deciding whether to grant a section 1782

24

application: "(1) the discovery sought is from a person residing in the district court to which the

25

application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3)

26

the applicant is a foreign or international tribunal or an 'interested person.'" *In re Ex Parte Apple*

27

*Inc.*, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (quotation omitted). As soon as the three

28

statutory requirements have been met, "a district court is free to grant discovery in its

United States District Court
Northern District of California

1    discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir.

2    2004) (quotation omitted).

3        However, "[a] district court is not required to grant the application" and "instead retains

4    discretion to determine what discovery, if any, should be permitted." *Cryolife, Inc. v. Tenaxis,*

5    *Inc.*, 2009 WL 88348, at *1 (N.D. Cal. Jan. 13, 2009) (citing *Intel Corp.*, 542 U.S. at 264).  The

6    Supreme Court provided several non-exclusive factors (the "*Intel* factors") for district courts to

7    consider in exercising their discretion: "(1) whether the 'person from whom discovery is sought is

8    a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the

9    proceedings underway abroad, and the receptivity of the foreign government or the court or

10   agency abroad to U.S. federal-court judicial assistance'; (3) whether the discovery request is an

11   'attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the

12   United States'; and (4) whether the discovery requested is 'unduly intrusive or burdensome.'" *In*

13   *re Ex Parte Apple Inc.*, 2012 WL 1570043 at *1 (quoting *Intel Corp.*, 542 U.S. at 264-65).

## III.    DISCUSSION

15        In determining whether to grant Applicants' request, the Court considers first the three-part

16   test under section 1782, and next weighs the four *Intel* factors.

### A.    28 U.S.C. § 1782 Threshold Three-Part Test

18        Applicants meet the requirements of the threshold three-part test.  First, "the discovery

19   sought is from a person residing in the district court to which the application is made."  Applicants

20   seek discovery from X, which maintains offices in Palo Alto and San Jose, California, and Google,

21   which is principally located in Mountain View, California.  These locations are within this Court's

22   jurisdiction in the Northern District of California.  Second, "the discovery is for use in a

23   proceeding before a foreign tribunal" because Applicants seek to use the discovery they request

24   from X and Google to support their civil lawsuit against the anonymous user in South

25   Korea.  Third, and finally, Applicants qualify as "interested person[s]" because they will be a

26   participant in the proceedings in South Korea.  Accordingly, Applicants successfully meet the

27   statutory requirements of the three-part test under section 1782.  *See In re Ex Parte* Apple Inc.,

28   2012 WL 1570043 at *1.

United States District Court
Northern District of California

**B.    *Intel* Factors**

After finding that the three-part test under section 1782 has been met, the Court retains discretion to decide what discovery, if any, should be permitted.  The Court weighs the four *Intel* factors to determine the scope of discovery.  *Id*.

**1.    Participant in a Foreign Proceeding**

The first *Intel* factor asks whether the corporation "from whom discovery is sought is a participant in the foreign proceeding." *Intel Corp.*, 542 U.S. at 264.  If the corporation is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "a foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.*  "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*  Nothing suggests that X or Google will be a participant in the anticipated litigation in South Korea.  This factor weighs in favor of granting the application.

**2.    Nature of Foreign Tribunal and Receptivity to U.S. Judicial Assistance**

The second *Intel* factor requires the Court to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id*.  "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Kim*, No. 24-mc-80178-BLF, 2024 WL 4093920, at *3 (N.D. Cal. Sept. 4, 2024) (quoting *In re Varian Med. Sys.*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016)).  Case law suggests that South Korean courts are generally receptive to discovery taken in the United States pursuant to section 1782.  *See e.g.*, *In re Request for Jud. Assistance From Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-mc-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023) (where the Seoul Central District Court in South Korea requested U.S. judicial assistance to obtain documents from an American corporation); *In re Starship Ent. Co., Ltd.*, No. 23-MC-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023).  This factor weighs in favor of granting the application.

United States District Court
Northern District of California

### 3.   Attempt to Circumvent Foreign Proof-Gathering Restrictions

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–65.  There is no evidence that Applicants are attempting to circumvent restrictions in South Korea or in the United States.  *See* Appl. at 9.  Further, the discovery Applicants seek is within the United States and is outside of the reach of the South Korean court. This factor also weighs in favor of granting the application.

### 4.   Undue Intrusion or Burden

The fourth *Intel* factor is whether the requested discovery is "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 265.  Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. Pro. 26(b)(1).  Applicants' requested information is relevant to their claims as the identities of those posting the statements are necessary for them to bring their harassment and defamation claims, and the scope of their request is limited to gathering information only about the anonymous user.  *See In re Gianasso*, 2012 WL 651647, at *2 (N.D. Cal. February 28, 2012) (granting a § 1782 request to issue a subpoena for the name and address of an unknown individual for a civil defamation proceeding); *In re Roebers*, 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) (finding § 1782 application to subpoena Apple, Inc. and Yahoo! Inc. for identifying documents was not overly burdensome). Because Applicants' request is narrowly tailored and is not overly intrusive, this factor weighs in favor of granting the application.

The Court finds that Applicants meet the statutory requirements under section 1782, and that the *Intel* factors weigh in favor of granting the Application.

To alleviate the potential burden, the Court orders that the return date for Applicant's subpoena must be at least 45 days after the date Applicant serves the subpoena.

/ / /

/ / /

/ / /

6

United States District Court
Northern District of California

1

**IV.    CONCLUSION**

2          The Court GRANTS Applicants' section 1782 application.  Applicants may serve the

3   subpoenas attached to its application (Appl., Ex. A) without prejudice to any motion to quash that

4   X, Google, or any other appropriate party may wish to file.

5          **IT IS SO ORDERED.**

6   Dated: November 25, 2025

7                                                                        _____

8                                                                        Noël Wise
                                                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28